1  JACOB D. BUNDICK
   Nevada Bar No. 9772
2  **GREENBERG TRAURIG, LLP**
   10845 Griffith Peak Drive, Suite 600
3  Las Vegas, Nevada 89135
   Tel:    702.792.3773
4  Fax:    702.792.9002
   Email:  bundickj@gtlaw.com
5

6  *Attorneys for Plaintiff*

7

8              **UNITED STATES DISTRICT COURT**

9                 **DISTRICT OF NEVADA**

10 PACIFIC PREMIER BANK, a California
   commercial bank,
11
               Plaintiff,
12                                          Case No.: 2:21-cv-00690-JCM-VCF
   v.
13
   PAUL STEELMAN DESIGN GROUP,
14 INCORPORATED, a Nevada corporation;      **STIPULATION AND [PROPOSED]**
   STEELMAN PARTNERS LLP, a Nevada          **ORDER FOR ENTRY OF JUDGMENT**
15 limited liability partnership; PAUL C.
   STEELMAN, an individual; MARYANN T.
16 STEELMAN, an individual; CHRISTIANIA,
   LLC, a Nevada limited liability company; PAUL
17 STEELMAN, LTD., a Nevada professional
   corporation; KEEPSAKE, INC., a Nevada
18 corporation; THE PAUL C. STEELMAN AND
   MARYANNE T. STEELMAN REVOCABLE
19 LIVING TRUST DATED NOVEMBER 17,
   2015; and THE STEELMAN ASSET
20 PROTECTION TRUST DATED MAY 22, 2013,

21            Defendants.

22

23        Pursuant to Federal Rules of Civil Procedure 54 and 58 and Local Rules LR IA 6-2 and LR

24 7-1, Plaintiff Pacific Premier Bank ("Pacific Premier") and Defendants Paul Steelman Design Group,

25 Inc., Steelman Partners, LLP, Paul C. Steelman, Maryann T. Steelman, Christiania, LLC, Paul

26 Steelman, Ltd., Keepsake, Inc., The Paul C. Steelman and Maryanne T. Steelman Revocable Living

27 Trust Dated November 17, 2015, and The Steelman Asset Protection Trust Dated May 22, 2013

28 (collectively the "Defendants" and together with Plaintiff, the "Parties"), hereby stipulate and agree

                                    1

1  that judgment should be entered in favor of Pacific Premier and against Defendants, and respectfully

2  request that the Court enter its order and judgment approving the stipulation sought herein. The

3  Parties stipulate and agree that the basis for entry of judgment in favor of Pacific Premier and against

4  Defendants is as follows:

5      A.      In 2012, Paul Steelman Design Group, Inc. and Steelman Partners LLP (collectively,

6  "Borrowers") began borrowing money from Plaza Bank ("Plaza"), and since at least 2017, Paul C.

7  Steelman, Maryanne T. Steelman, Christiania, LLC, Paul Steelman, Ltd., Keepsake, Inc., The Paul C.

8  Steelman and Maryanne T. Steelman Revocable Living Trust Dated November 17, 2015, and The

9  Steelman Asset Protection Trust Dated May 22, 2013 (collectively, "Guarantors") guaranteed

10 Borrowers' indebtedness to Plaza.

11     B.      On or about November 1, 2017, Pacific Premier succeeded to all of Plaza's rights and

12 interests related to Borrowers and Guarantors. Borrowers and Guarantors currently owe Pacific

13 Premier an amount not less than $2,994,926.00 as of August 12, 2021, plus fees, costs, and expenses,

14 including attorneys' fees, with additional interest, fees, costs, and expenses continuing to accrue

15 under the Loan Documents (as defined below).

16     C.      On or about December 26, 2012, Borrowers entered into a loan (the "Loan") with

17 Plaza by executing a Promissory Note (the "Note") in favor of Plaza in the original principal amount

18 of $3,000,000.00.

19     D.      The Loan is secured by a Commercial Security Agreement (as further amended,

20 supplemented, or otherwise modified from time to time prior to the date hereof, collectively, the

21 "Security Agreement") dated December 26, 2012, executed by Borrowers in favor of Plaza.

22     E.      Pursuant to the Security Agreement, Borrowers granted Plaza a security interest in

23 substantially all of Borrowers' personal property assets, as further defined in the Security Agreement

24 (the "Collateral"). Plaza properly perfected its interest in the Collateral.

25     F.      On or about December 26, 2012, Borrowers and Plaza entered into a Business Loan

26 Agreement governing the Loan, including Borrowers' obligations to Plaza under the Note and the

27 Security Agreement (the "Loan Agreement," and, collectively with the Note and Security Agreement,

28 the "Loan Documents").

G.     Each Guarantor "absolutely and unconditionally guarantees full and punctual payment and satisfaction" of Borrowers' indebtedness to Plaza, and "the performance and discharge of all [Borrowers'] obligations" under the Loan Documents.

H.     Pursuant to the terms of the Loan Documents, Borrowers were required to pay to Pacific Premier all outstanding principal and interest due under the Loan Documents on February 1, 2021. Borrowers did not comply with this requirement and, therefore, defaulted under the Loan Documents.

I.     On April 26, 2021, Pacific Premier commenced the above-captioned action by filing the *Complaint* [Docket No. 1] (the "Complaint") against Borrowers and Guarantors. The Complaint asserts claims against Borrowers and Guarantors for breach of the Loan Documents and seeks appointment of a receiver.

J.     On September 7, 2021 the Parties entered into a Settlement Agreement, attached hereto as **Exhibit 1**, to resolve the claims asserted in the Complaint.

Based on the foregoing, the Parties stipulate and agree that Judgment should be entered in favor of Pacific Premier and against Defendants on the following terms:

1.     Judgement shall be entered in favor of Pacific Premier and against Defendants, jointly and severally, in the principal amount of $2,994,926.00 as of August 12, 2021, plus fees, costs, and expenses, including attorneys' fees, with additional interest, fees, costs, and expenses pursuant to the terms of the Loan Documents (the "Total Payment Amount"). Borrowers and Guarantors shall pay the Total Payment Amount to Pacific Premier pursuant to the terms set forth in the Settlement Agreement, attached hereto as **Exhibit 1**.

2.     Upon Court approval of this Stipulation, Pacific Premier shall forebear from executing on this Judgment so long as Borrowers timely make the payments in ¶ 1 *supra*. For clarity, if Borrowers fail to make timely-payment, Pacific Premier may execute on this Judgment.

3.     The Settlement Agreement, attached hereto as **Exhibit 1**, is approved by the Court and all restrictive covenants and obligations contained therein are valid, binding, and enforceable by Pacific Premier against all Defendants.

3

1    4.    Defendants are warned that any act by them in violation of any of the terms of this

2    Judgment after proper notice to them, may be considered and prosecuted as contempt of this Court.

3    Further, any representation or warranty made by Defendants pursuant to the Agreement that are

4    known by the Defendants to be falsely made at the time of the statement, may also be considered and

5    prosecuted as contempt of this Court.

6    5.    The Court reserves jurisdiction to enforce the terms of this Judgment and the

7    Settlement Agreement, and award appropriate relief.

8

9    **IT IS SO STIPULATED.**

10   DATED this 21st day of September, 2021.

11   **GREENBERG TRAURIG, LLP**

12

13   /s/ Jacob D. Bundick
    _____

14   JACOB D. BUNDICK
    Nevada Bar No. 9722
15   10845 Griffith Peak Dr., Suite 600
    Las Vegas, Nevada 89135

16

17   *Attorneys for Pacific Premier*

18

19   **PAUL STEELMAN DESIGN GROUP, INC.**    **STEELMAN PARTNERS LLP**

20

21   By: _____    By: _____

22   Name: _____    Name: _____

23   Its: _____    Its: _____

24   Date: _____    Date: _____

25   **PAUL C. STEELMAN**    **MARYANNE T. STEELMAN**

26

27   By: _____    By: _____

28   Name: _____    Name: _____

4

Date: _____                    Date: _____

**CHRISTIANIA, LLC**                     **PAUL STEELMAN, LTD.**

By: _____                      By: _____

Name: _____                    Name: _____

Its: _____                     Its: _____

Date: _____                    Date: _____

**KEEPSAKE, INC.**                       **THE PAUL C. STEELMAN AND
                                         MARYANNE T. STEELMAN
                                         REVOCABLE LIVING TRUST**

By: _____                      By: _____

Name: _____                    Name: _____

Its: _____                     Its: _____

Date: _____                    Date: _____

**THE STEELMAN ASSET PROTECTION
TRUST**

By: _____

Name: _____

Its: _____

Date: _____

## ORDER FOR ENTRY OF JUDGMENT

Based on the foregoing stipulation of the Parties and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment is hereby entered in favor of Pacific Premier and against the Defendants, jointly and severally, on the terms set forth in the Stipulation above.

IT IS SO ORDERED:

_James C. Mahan_

JAMES C. MAHAN
United States District Judge

Dated: September 23, 2021

Respectfully submitted by:

**GREENBERG TRAURIG, LLP**

/s/ Jacob D. Bundick

JACOB D. BUNDICK
Nevada Bar No. 9722
10845 Griffith Peak Dr., Suite 600
Las Vegas, Nevada 89135

*Attorneys for Pacific Premier*

[ATTACH SETTLEMENT AGREEMENT AS EXHIBIT]

6

# EXHIBIT "1"

# EXHIBIT "1"

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this **1 3** day of September, 2021, by and between: (a)(1) Paul Steelman Design Group, Inc. and (2) Steelman Partners LLP (collectively, "Borrowers"); (b)(1) Paul C. Steelman, (2) Maryanne T. Steelman, (3) Christiania, LLC, (4) Paul Steelman, Ltd., (5) Keepsake, Inc., (6) The Paul C. Steelman and Maryanne T. Steelman Revocable Living Trust Dated November 17, 2015, and (7) The Steelman Asset Protection Trust Dated May 22, 2013 (collectively, "Guarantors"); and (c) Pacific Premier Bank ("Lender"). Borrowers, Guarantors, and Lender are referred to together herein as the "Parties."

## RECITALS

A.        In 2012, Borrowers began borrowing money from Plaza Bank ("Plaza"), and since at least 2017, Guarantors guaranteed Borrowers' indebtedness to Plaza.

B.        On or about November 1, 2017, Lender succeeded to all of Plaza's rights and interests related to Borrowers and Guarantors. Borrowers and Guarantors currently owe Lender an amount not less than $2,994,926.00 as of August 12, 2021, plus fees, costs, and expenses, including attorneys' fees, with additional interest, fees, costs, and expenses continuing to accrue under the Loan Documents (as defined below).

C.        On or about December 26, 2012, Borrowers entered into a loan (the "Loan") with Plaza by executing a Promissory Note (the "Note") in favor of Plaza in the original principal amount of $3,000,000.00.

D.        The Loan is secured by a Commercial Security Agreement (as further amended, supplemented, or otherwise modified from time to time prior to the date hereof, collectively, the "Security Agreement") dated December 26, 2012, executed by Borrowers in favor of Plaza.

E.        Pursuant to the Security Agreement, Borrowers granted Plaza a security interest in substantially all of Borrowers' personal property assets, as further defined in the Security Agreement (the "Collateral"). Plaza properly perfected its interest in the Collateral.

F.        On or about December 26, 2012, Borrowers and Plaza entered into a Business Loan Agreement governing the Loan, including Borrowers' obligations to Plaza under the Note and the Security Agreement (the "Loan Agreement," and, collectively with the Note and Security Agreement, the "Loan Documents").

G.        Each Guarantor "absolutely and unconditionally guarantees full and punctual payment and satisfaction" of Borrowers' indebtedness to Plaza, and "the performance and discharge of all [Borrowers'] obligations" under the Loan Documents.

H.        Pursuant to the terms of the Loan Documents, Borrowers were required to pay to Lender all outstanding principal and interest due under the Loan Documents on February 1, 2021. Borrowers did not comply with this requirement and, therefore, defaulted under the Loan Documents.

I.      On April 26, 2021, Lender filed a Complaint ("Complaint") against Borrowers and Guarantors in the United States District Court for the District of Nevada ("Court"), thus commencing the case *Pacific Premier Bank v. Paul Steelman Design Group, Inc., et al.*, Case No. 21-00690 ("Civil Action"). In the Complaint, Lender brought claims against Borrowers and Guarantors for breach of the Loan Documents and sought appointment of a receiver pursuant to Fed. R. Civ. P. 66 and LR 66-1 through 66-9.

J.      The Parties entered into arms' length and good-faith negotiations and agreed to resolve and compromise the claims and disputes which may exist between them pursuant to the terms and conditions set forth below.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth in this Agreement, and based upon the foregoing recitals, which the Parties acknowledge and agree are true and accurate and are a material part of and predicate for this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      **Court Entry of Stipulated Judgment**.

1.1.    Concurrently with the execution of this Agreement, Borrowers and Guarantors shall execute that certain *Stipulation and Order for Entry of Final Judgment* (the "Stipulated Judgment"), attached hereto as Exhibit A.  The effectiveness of this Agreement is conditioned on, and is subject to, the execution of this Agreement by all Parties and the Court's entry of the Stipulated Judgment by Final Order on or before December 31, 2021. If the Stipulated Judgment is not entered by the Court by Final Order on or before December 31, 2021, then with the exception of the Initial Payment and any subsequent payments made to the Lender under this Agreement which shall have been applied and shall remain applied to reduce the Total Payment Amount, this Agreement shall be null, void, and of no force or effect. "Final Order" shall mean an order or judgment by the Court that has not been reversed, stayed, modified, or amended.

1.2.    After execution of this Agreement by the Parties, the Parties shall file the Stipulated Judgment seeking entry of a Stipulated Judgment by the Court in the Civil Action, and the Parties each agree to use their best efforts to secure Court entry of the Stipulated Judgment by Final Order in a timely manner.

1.3.    In the event the Court does not enter the Stipulated Judgment by Final Order or if the Court enters the Stipulated Judgment but it is subsequently appealed and reversed, then:

1.3.1.   with the exception of the Initial Payment and any subsequent payments made to the Lender under this Agreement which shall have been applied and shall remain applied to reduce the Total Payment Amount, this Agreement shall be null, void, and of no force or effect;

2

        1.3.2.   the Stipulated Judgment shall be null, void, and of no force or effect;

        1.3.3.   nothing contained in this Agreement or in any motion or proceeding (including any hearing before the Court) by any of the Parties seeking entry of the Stipulated Judgment can be used in any manner or in any proceeding (including courts or claims in arbitration) by any of the Parties; and

        1.3.4.   to the degree possible, while acknowledging that time may render appeals moot, the Parties shall be in the same position they were in as though this Agreement had never been executed and will have all rights and defenses that they did prior to the execution of this Agreement.

2.    **Terms**.  Borrowers and Guarantors are liable to Lender for an amount of not less than $2,994,926.00 as of August 12, 2021 with additional interest, fees (including attorneys' fees), costs, and expenses continuing to accrue under the Loan Documents (the "Total Payment Amount"). The interest accrual rate shall be reduced to 7% effective the first day of the month following the execution of this Agreement by all Parties. Borrowers and Guarantors shall pay the Total Payment Amount to Lender pursuant to the following terms:

    2.1.    If a Borrower Payment Event (as defined below) occurs on or before September 27, 2021, then on or before September 30, 2021, Borrowers shall pay Lender $1,300,000.00 (the "Initial Payment"). Borrowers shall then make monthly payments of $250,000.00 beginning 30 days after the Initial Payment until the Total Payment Amount is paid in full in cash. Borrowers represent and warrant that they are owed accounts receivable from a project referred to as the Buena Vue project which may result in Borrowers receiving approximately $1,500,000.00 in cash on or before September 27, 2021 (the "Buena Vue Receivable"). Borrowers acknowledge that the Buena Vue Receivable is collateral of the Lender and that any payment on the Buena Vue Receivable up to the Initial Payment amount will be paid over to the Lender as soon as practicable, whether that payment is received before or after September 27, 2021 until the Total Payment Amount is paid in full in cash. In the event that the Buena Vue Receivable is not collected on or before September 27, 2021, Borrowers shall pay Lender the Initial Payment from other sources on or before October 31, 2021, shall pay up to $1,300,000.00 of any collections received from the Buena Vue Receivable (or the collection of any other project receivables if received by Borrowers earlier than the Buena Vue Receivable) to Lender in addition to the Initial Payment, and shall make payments in accordance with Exhibit B until the Total Payment Amount is paid in full in cash.　The following occurrences shall be a Borrower Payment Event:

    2.1.1.   Borrower receives the Buena Vue Receivable on or before  September 27, 2021.

    2.1.2.   Borrower receives a new loan equal to or greater than $3,000,000.00 which is closed and funds received by Borrower on or before September 27, 2021. In

3

such event, Borrower shall pay $3,000,000.00 to Lender on or before September 27, 2021 toward the Total Payment Amount.

2.1.3.   Borrower receives at least $1,500,000.00 of any of its outstanding project receivables on or before September 27, 2021.

2.2.     If a Borrower Payment Event does not occur on or before September 27, 2021, Borrowers shall pay Lender the Initial Payment on or before October 31, 2021 and the remainder of the Total Payment Amount in accordance with the schedule attached as Exhibit B. In the event a Borrower Payment Event occurs subsequent to September 27, 2021, in addition to making the Initial Payment and the payments in accordance with Exhibit B, the Borrowers agree to: (i) pay $1,300,000.00 of the Buena Vue Receivable when received to reduce the Total Payment Amount; (ii) pay the remaining unpaid Total Payment Amount when a new loan to Borrower is funded; and (iii) pay $1,300,000.00 to reduce the Total Payment Amount if Borrower receives at least $1,500,000.00 of any of its outstanding project receivables other than the Buena Vue Receivable. In the event the Borrowers make the Initial Payment from sources other than the Buena Vue Receivable, any payments made from the Buena Vue Receivable collections to the Lender shall not affect the payments required under Exhibit B unless and until the Initial Payment, the payments from the Buena Vue Receivable, the payments required under Exhibit B and any other payments made by Borrowers to the Lender equal payment in full in cash of the Total Payment Amount.

2.3.     The Parties agree that the Initial Payment and any subsequent payment on the Total Payment Amount will be applied as follows: first, accrued and unpaid interest associated with the Total Payment Amount; second, permissible fees and costs, including attorney fees, allowed under the Loan Documents; and third, the principal of the Total Payment Amount.

3.      **Deficiency Judgment and Financial Statements**.

3.1.     The Stipulated Judgment is an integral part of this Agreement and incorporated herein by reference. For the avoidance of doubt, this Agreement is not fully executed unless and until the Stipulated Judgment has also been executed by Borrowers and Guarantors.

3.2.     Upon execution of this Agreement, the Parties shall file the Stipulated Judgment with the Court seeking entry of the Stipulated Judgment in the Civil Action. Borrowers and Guarantors agree that, at no point in time, will they contest the validity and enforceability of the Stipulated Judgment. Upon entry of the Stipulated Judgment by the Court, Lender shall forebear from executing on the Stipulated Judgment so long as Borrowers are not in default under either Sections 2.1 and 2.2. For clarity, if Borrowers fail to make timely-payment under Sections 2.1 or 2.2, Lender may execute on the Stipulated Judgment.

3.3.     Thirty Days after the date that this Agreement has been fully executed by the Parties (the "Effective Date"), Borrowers and Guarantors will deliver to Lender, to

4

the best of their knowledge, true and correct financial statements (referred to hereafter as the "Financial Statements").

4.    **Releases and Authority**.

    4.1.    Borrowers and Guarantors, effective upon the Effective Date, , release and forever discharge Lender and any one or all of Lender's associates, affiliates, predecessors, successors, heirs, assigns, managers, subsidiaries, parents, officers, directors, partners, attorneys, and agents, as well as the employees, agents, attorneys, representatives, predecessors, successors, and assigns thereof (collectively, the "Released Parties"), from any and all manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, expenses, set off, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent that Borrowers or Guarantors may have against the Released Parties from the beginning of time to the date of this Agreement, or which may hereafter accrue against the Released Parties based upon any claims, acts, or omissions occurring prior to the date of this Agreement; *provided however*, the release provided under this paragraph is not a release of any claims or causes of action arising under or resulting from a default or breach of this Agreement.

    4.2.    Paul C. Steelman represents and warrants that he has the full power and authority to (i) execute, deliver, and perform this Agreement, (ii) grant the releases to the Released Parties set forth in Subsection 4.1 and (iii) make the representations and warranties in Subsection 3.3 on behalf of each of the Borrowers.

    4.3.    The individuals signing this Agreement on behalf of the Guarantors represent and warrant that they have the full power and authority to (i) execute, deliver, and perform this Agreement, (ii) grant the releases to the Released Parties set forth in Subsection 4.1 and (iii) make the representations and warranties in Subsection 3.3 on behalf of each of the Guarantors.

5.    **Binding Effect**. This Agreement shall be binding upon each of the Parties and their respective successors-in-interest, heirs, and/or assigns. All representations and warranties made herein shall survive execution of this Agreement and shall at all times subsequent to the execution of this Agreement remain binding and fully enforceable.

6.    **Jurisdiction and Venue**. Any claims or causes of action, whether legal or equitable, arising out of or based upon this Agreement or related documents, including but not limited to the interpretation and/or enforcement of this Agreement, shall be commenced in the Court. The Parties hereby consent to the jurisdiction, venue, and process of the Court.

7.    **Waiver of Jury Trial**. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT, OR ANY OTHER THEORY). EACH

PARTY HERETO (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

8.      **Governing Law**. This Agreement is made pursuant to, and shall be governed by, the laws of the State of Nevada.

9.      **Construction of Agreement**. This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with governing law. This Agreement has been negotiated by each of the Parties (or their respective counsel), and the language of this Agreement shall not be construed for or against any particular party.

10.     **Voluntary Agreement**. This Agreement has been carefully read by the Parties and has been reviewed by the Parties' respective legal counsel (or, if not represented, such Parties had the opportunity to engage counsel to review this Agreement); the contents hereof are known and understood by the Parties; and each of the Parties acknowledges that such Party is under no duress or undue influence and that each of the Parties executes this Agreement as its own free and voluntary act.

11.     **Integration and Amendments**. This Agreement shall constitute the entire Agreement and understanding of and between the Parties in relation to matters described herein, and no statements, representations, inducements, or promises other than as expressly set forth herein have been given or received by any of the Parties (nor by their respective administrative agents, employees, attorneys, or representatives) in return for the same. All negotiations, oral conversations, statements, representations, and/or agreements leading up to the execution of this Agreement are merged herewith and shall not be the basis for any legal rights, claims, or defenses in relation to any litigation or otherwise. No parole or extrinsic evidence may be used to contradict any of the terms of this Agreement. Any amendment to this Agreement must be in writing, signed by duly authorized representatives of the Parties hereto, and specifically state the intent of the Parties to amend this Agreement.

12.     **Severability**. To the extent that any portion of this Agreement is held unenforceable by a court, tribunal, or arbiter of competent jurisdiction, the remainder of this Agreement shall remain binding and enforceable, provided that the primary purposes of this Agreement are not frustrated.

13.     **Counterparts**. This Agreement may be executed by the Parties hereto in any number of identical counterparts, each of which, once executed and delivered in accordance with the terms of this Agreement, will be deemed an original, with all such counterparts taken together constituting one and the same instrument. Delivery by facsimile, encrypted email, or email file attachment of any such executed counterpart to

this Agreement will be deemed the equivalent of the delivery of the original executed agreement or instrument.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date and year first above written.

<u>**BORROWERS**</u>

PAUL STEELMAN DESIGN GROUP, INC.

By: _____
Name: _____
Its: _____
Date: _____

STEELMAN PARTNERS LLP

By: _____
Name: _____
Its: _____
Date: _____

<u>**GUARANTORS**</u>

PAUL C. STEELMAN

By: _____
Name: _____
Date: _____

MARYANNE T. STEELMAN

By: _____
Name: _____
Date: _____

CHRISTIANIA, LLC

By: _____
Name: _____
Its: _____
Date: _____

PAUL STEELMAN, LTD.

By: _____
Name: _____
Its: _____
Date: _____

7

KEEPSAKE, INC.

By: _____
Name: _____
Its: _____
Date: _____

THE PAUL C. STEELMAN AND
MARYANNE T. STEELMAN
REVOCABLE LIVING TRUST

By: _____
Name: _____
Its: _____
Date: _____

THE STEELMAN ASSET PROTECTION
TRUST

By: _____
Name: _____
Its: _____
Date: _____

**LENDER**

PACIFIC PREMIER BANK

By: _____
Name: _____Allan Howard_____
Its: 1st VP / Sr Special Assets Portfolio Manager
Date: _____

8

KEEPSAKE, INC.

THE PAUL C. STEELMAN AND
MARYANNE T. STEELMAN
REVOCABLE LIVING TRUST

By: _____
Name: _____
Its: _____
Date: _____

By: _____
Name: _____
Its: _____
Date: _____

THE STEELMAN ASSET PROTECTION
TRUST

By: _____
Name: _____
Its: _____
Date: _____

**LENDER**

PACIFIC PREMIER BANK

By: _____
Name: _____ Allan Howard _____
Its: 1st VP / Sr Special Assets Portfolio Manager
Date: _____

8

# Exhibit A

1  JACOB D. BUNDICK
   Nevada Bar No. 9772
2  **GREENBERG TRAURIG, LLP**
   10845 Griffith Peak Drive, Suite 600
3  Las Vegas, Nevada 89135
   Tel:    702.792.3773
4  Fax:    702.792.9002
   Email:  bundickj@gtlaw.com
5
6  *Attorneys for Plaintiff*
7
8              **UNITED STATES DISTRICT COURT**
9                  **DISTRICT OF NEVADA**
10 PACIFIC PREMIER BANK, a California
   commercial bank,
11
12         Plaintiff,
                                          Case No.: 2:21-cv-00690-JCM-VCF
13 v.
14 PAUL STEELMAN DESIGN GROUP,
   INCORPORATED, a Nevada corporation;    **STIPULATION AND [PROPOSED]**
15 STEELMAN PARTNERS LLP, a Nevada        **ORDER FOR ENTRY OF JUDGMENT**
   limited liability partnership; PAUL C.
16 STEELMAN, an individual; MARYANN T.
   STEELMAN, an individual; CHRISTIANIA,
17 LLC, a Nevada limited liability company; PAUL
   STEELMAN, LTD., a Nevada professional
18 corporation; KEEPSAKE, INC., a Nevada
   corporation; THE PAUL C. STEELMAN AND
19 MARYANNE T. STEELMAN REVOCABLE
   LIVING TRUST DATED NOVEMBER 17,
20 2015; and THE STEELMAN ASSET
   PROTECTION TRUST DATED MAY 22, 2013,
21
         Defendants.
22
23         Pursuant to Federal Rules of Civil Procedure 54 and 58 and Local Rules LR IA 6-2 and LR
24 7-1, Plaintiff Pacific Premier Bank ("Pacific Premier") and Defendants Paul Steelman Design Group,
25 Inc., Steelman Partners, LLP, Paul C. Steelman, Maryann T. Steelman, Christiania, LLC, Paul
26 Steelman, Ltd., Keepsake, Inc., The Paul C. Steelman and Maryanne T. Steelman Revocable Living
27 Trust Dated November 17, 2015, and The Steelman Asset Protection Trust Dated May 22, 2013
28 (collectively the "Defendants" and together with Plaintiff, the "Parties"), hereby stipulate and agree

                                   1

1  that judgment should be entered in favor of Pacific Premier and against Defendants, and respectfully

2  request that the Court enter its order and judgment approving the stipulation sought herein. The

3  Parties stipulate and agree that the basis for entry of judgment in favor of Pacific Premier and against

4  Defendants is as follows:

5        A.     In 2012, Paul Steelman Design Group, Inc. and Steelman Partners LLP (collectively,

6  "Borrowers") began borrowing money from Plaza Bank ("Plaza"), and since at least 2017, Paul C.

7  Steelman, Maryanne T. Steelman, Christiania, LLC, Paul Steelman, Ltd., Keepsake, Inc., The Paul C.

8  Steelman and Maryanne T. Steelman Revocable Living Trust Dated November 17, 2015, and The

9  Steelman Asset Protection Trust Dated May 22, 2013 (collectively, "Guarantors") guaranteed

10  Borrowers' indebtedness to Plaza.

11        B.     On or about November 1, 2017, Pacific Premier succeeded to all of Plaza's rights and

12  interests related to Borrowers and Guarantors. Borrowers and Guarantors currently owe Pacific

13  Premier an amount not less than $2,994,926.00 as of August 12, 2021, plus fees, costs, and expenses,

14  including attorneys' fees, with additional interest, fees, costs, and expenses continuing to accrue

15  under the Loan Documents (as defined below).

16        C.     On or about December 26, 2012, Borrowers entered into a loan (the "Loan") with

17  Plaza by executing a Promissory Note (the "Note") in favor of Plaza in the original principal amount

18  of $3,000,000.00.

19        D.     The Loan is secured by a Commercial Security Agreement (as further amended,

20  supplemented, or otherwise modified from time to time prior to the date hereof, collectively, the

21  "Security Agreement") dated December 26, 2012, executed by Borrowers in favor of Plaza.

22        E.     Pursuant to the Security Agreement, Borrowers granted Plaza a security interest in

23  substantially all of Borrowers' personal property assets, as further defined in the Security Agreement

24  (the "Collateral"). Plaza properly perfected its interest in the Collateral.

25        F.     On or about December 26, 2012, Borrowers and Plaza entered into a Business Loan

26  Agreement governing the Loan, including Borrowers' obligations to Plaza under the Note and the

27  Security Agreement (the "Loan Agreement," and, collectively with the Note and Security Agreement,

28  the "Loan Documents").

2

G.      Each Guarantor "absolutely and unconditionally guarantees full and punctual payment and satisfaction" of Borrowers' indebtedness to Plaza, and "the performance and discharge of all [Borrowers'] obligations" under the Loan Documents.

H.      Pursuant to the terms of the Loan Documents, Borrowers were required to pay to Pacific Premier all outstanding principal and interest due under the Loan Documents on February 1, 2021. Borrowers did not comply with this requirement and, therefore, defaulted under the Loan Documents.

I.      On April 26, 2021, Pacific Premier commenced the above-captioned action by filing the *Complaint* [Docket No. 1] (the "Complaint") against Borrowers and Guarantors. The Complaint asserts claims against Borrowers and Guarantors for breach of the Loan Documents and seeks appointment of a receiver.

J.      On September 13, 2021 the Parties entered into a Settlement Agreement, attached hereto as **Exhibit 1**, to resolve the claims asserted in the Complaint.

Based on the foregoing, the Parties stipulate and agree that Judgment should be entered in favor of Pacific Premier and against Defendants on the following terms:

1.      Judgement shall be entered in favor of Pacific Premier and against Defendants, jointly and severally, in the principal amount of $2,994,926.00 as of August 12, 2021, plus fees, costs, and expenses, including attorneys' fees, with additional interest, fees, costs, and expenses pursuant to the terms of the Loan Documents (the "Total Payment Amount"). Borrowers and Guarantors shall pay the Total Payment Amount to Pacific Premier pursuant to the terms set forth in the Settlement Agreement, attached hereto as **Exhibit 1**.

2.      Upon Court approval of this Stipulation, Pacific Premier shall forebear from executing on this Judgment so long as Borrowers timely make the payments in ¶ 1 *supra*. For clarity, if Borrowers fail to make timely-payment, Pacific Premier may execute on this Judgment.

3.      The Settlement Agreement, attached hereto as **Exhibit 1**, is approved by the Court and all restrictive covenants and obligations contained therein are valid, binding, and enforceable by Pacific Premier against all Defendants.

3

4.     Defendants are warned that any act by them in violation of any of the terms of this Judgment after proper notice to them, may be considered and prosecuted as contempt of this Court. Further, any representation or warranty made by Defendants pursuant to the Agreement that are known by the Defendants to be falsely made at the time of the statement, may also be considered and prosecuted as contempt of this Court.

5.     The Court reserves jurisdiction to enforce the terms of this Judgment and the Settlement Agreement, and award appropriate relief.

**IT IS SO STIPULATED.**

DATED this ___ day of September, 2021.

**GREENBERG TRAURIG, LLP**

_____

JACOB D. BUNDICK
Nevada Bar No. 9722
10845 Griffith Peak Dr., Suite 600
Las Vegas, Nevada 89135

*Attorneys for Pacific Premier*

**PAUL STEELMAN DESIGN GROUP, INC.**          **STEELMAN PARTNERS LLP**

By: _____          By: _____

Name: _____          Name: _____

Its: _____          Its: _____

Date: _____          Date: _____

**PAUL C. STEELMAN**          **MARYANNE T. STEELMAN**

By: _____          By: _____

Name: _____          Name: _____

4

Date: _____     Date: _____

**CHRISTIANIA, LLC**           **PAUL STEELMAN, LTD.**

By: _____        By: _____

Name: _____        Name: _____

Its: _____       Its: _____

Date: _____        Date: _____

**KEEPSAKE, INC.**             **THE PAUL C. STEELMAN AND MARYANNE T. STEELMAN REVOCABLE LIVING TRUST**

By: _____        By: _____

Name: _____        Name: _____

Its: _____       Its: _____

Date: _____        Date: _____

**THE STEELMAN ASSET PROTECTION TRUST**

By: _____

Name: _____

Its: _____

Date: _____

5

## ORDER FOR ENTRY OF JUDGMENT

Based on the foregoing stipulation of the Parties and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment is hereby entered in favor of Pacific Premier and against the Defendants, jointly and severally, on the terms set forth in the Stipulation above.

IT IS SO ORDERED:

_____
JAMES C. MAHAN
United States District Judge

Dated: _____

Respectfully submitted by:

**GREENBERG TRAURIG, LLP**

_____
JACOB D. BUNDICK
Nevada Bar No. 9722
10845 Griffith Peak Dr., Suite 600
Las Vegas, Nevada 89135

*Attorneys for Pacific Premier*

[ATTACH SETTLEMENT AGREEMENT AS EXHIBIT]

# **EXHIBIT B**

| DATE | PAYMENT |
|------|---------|
| 9/30/21 | $300,000.00 |
| 10/31/21 | $1,300,000.00 |
| 11/30/21 | $300,000.00 |
| 12/31/21 | $300,000.00 |
| 1/31/22 | $300,000.00 |
| 2/28/22 | $300,000.00 |
| 3/31/22 | Remaining balance of Total Payment Amount. |